■ In the Matter of EMILIO ACOSTA et al., Doing Business as S & E RESTAURANT, Petitioners, v. THOMAS F. RING et al., Respondents.— Determination of the State Liquor Authority, dated April 28, 1971, suspending petitioner's eating place beer license for a period of 30 days (10 days deferred) and imposing a $1,000 bond claim, unanimously modified, on the law and in the exercise of discretion, without costs and without disbursements, to the extent of eliminating the forfeiture of petitioner's bond, and, further, by reducing the penalty to a 10-day suspension and, as modified, determination confirmed. It is conceded that petitioner has been operating a restaurant for 15 years, that he was licensed at his present location in July 1965, and that up to February, 1970, he had never been charged with violating any rules of the State Liquor Authority. Criminal charges against petitioner were dismissed. The State Liquor Authority found that petitioner had suffered or permitted gambling on the licensed premises. No doubt, we may not disturb respondent's findings if supported by substantial evidence (*Matter of Caper Club* v. *State Liq. Auth.,* 33 A D 2d 1065, 1066), and "the fact that we might not have made the same determination on the same facts does not warrant a substitution of judicial for administrative discretion" (*Communications Comm.* v. *WOKO,* 329 U. S. 223, 229). However, even though we must

conclude that there is substantial evidence in the record to support respondent's findings, under the circumstances disclosed therein, including petitioner's prior co-operation with the police department, we feel that the penalty imposed was excessive and should have been limited as indicated herein. Concur — Capozzoli, J. P., McGivern, Markewich, Murphy and Eager, JJ.